The parties' purchase agreement specifically states that the property "is sold and is to be conveyed . . . subject topresent zoning and flood plain classification" (emphasis added). Although the Stoddards were arguably not obligated to perform an independent investigation of the zoning status of the property in light of the defendants' printed representations, see Ex parte ERA Marie McConnell Realty,Inc., *Page 1138 774 So.2d 588, 591 (Ala. 2000), it is undisputed that the Stoddards did not enter into the contract until after their agent had independently determined from the zoning administrator of the City of Gulf Shores that the property was zoned for commercial use. In my view, by proceeding with the transaction based upon the results of their agent's investigation, which none of the defendants intentionally prevented from being effective, the Stoddards must be presumed to have acted upon the results of that investigation and not upon any misrepresentation by the defendants. See Burroughsv. Jackson Nat'l Life Ins. Co., 618 So.2d 1329, 1332
(Ala. 1993). I therefore concur in the result to reverse.
MOORE, J., concurs.